**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MORGAN L. GODOY<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 5:22-cv-00938<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Morgan L. Godoy ("Plaintiff"), by and through the undersigned counsel, complaining of Midland Credit Management, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in

1

the Central District of California, and Defendant conducts business in the Central District of California and maintains significant business contacts in the Central District of California.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

5. Defendant is a business entity engaged in the collection of debts within the State of California. Defendant maintains its principal place of business at 350 Camino de la Reina, Suite 100, San Diego, California 92108.

6. The principal purpose of Defendant's business is the collection of defaulted debts allegedly owed to third parties.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the events giving rise to this action, Plaintiff obtained a line of credit with Capital One Financial Corporation ("Capital One") that later resulted in a balanced owed ("Capital One debt").

8. Prior to September 2021, Defendant obtained the right to collect the Capital One debt after it was defaulted on.

9. Furthermore, Defendant served Plaintiff with court papers to pursue legal action against her in order to collect on the Capital One debt.

10. After receiving Defendant's legal documents, Plaintiff contacted Defendant to set up a payment plan to pay off the Capital One debt.

11. In or around September 2021, Plaintiff agreed and began payments to pay off the Capital One debt.

12. In addition to the Capital One debt, Defendant also informed Plaintiff that there was another debt in its office in which they alleged belonged to Plaintiff ("second alleged debt").

2

13. Specifically, Defendant's representative eluded that it would take legal action against Plaintiff if she failed to pay the second alleged debt.

14. Plaintiff feared the possibility of an additional lawsuit and agreed to also complete payments on the second unknown, alleged debt beginning in September 2021.

15. Many months passed and Plaintiff continued to complete payments on both accounts to Defendant.

16. In or around May 2022, Plaintiff contacted Defendant in hopes to delay her monthly payments due to some financial problems she was experiencing.

17. Defendant agreed to defer Plaintiff's payments for some time.

18. In addition to the deferred payments, Defendant's representative informed Plaintiff that the second alleged debt actually belonged to another individual.

19. Plaintiff was bewildered by Defendant's statements and concerned that she was intentionally misled to pay a debt she did not owe.

20. Defendant's representative at the time refused to provide Plaintiff with any more information as to payments made on the second alleged debt.

21. On or around May 11, 2022, Plaintiff contacted Defendant again to inquire about a refund for the payments made toward the second alleged debt.

22. Defendant's representative acknowledge that Plaintiff had been wrongfully paying a debt not owed.

23. Moreover, Defendant's Representative indicated that the second alleged debt belonged to an individual named Jesus Cabrera, who had used Plaintiff's social security number to apply for the alleged debt.

24. Defendant's representative promised to refund Plaintiff all funds that were wrongfully collected and applied towards the second alleged debt.

25. To this date, Defendant has failed to fulfill its promise of refunding Plaintiff the monies paid to the alleged debt in which she did not owe.

26. Due to Defendant's severe error, Plaintiff has become depressed, anxious, nervous, and has fallen into stark emotional distress as she no longer has money for basic necessities.

### DAMAGES

27. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

28. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

29. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged subject debt.

30. Defendant's harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, waiting Plaintiff's time, increased risk of future identity theft, harassment, depression, emotional distress, anxiety, and loss of concentration.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

33. The alleged subject debts are a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

34. Defendant used the phone to attempt to collect the alleged subject debts and, as

such, engaged in "communications" as defined in FDCPA §1692a(2).

35. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

36. Defendant's communications to Plaintiff were made in connection with the collection of the alleged subject debt.

37. Defendant violated 15 U.S.C. §§1692e, e(2), e(5), e(10), f, and f(1) through its unlawful debt collection practices.

### a. Violations of FDCPA §1692e

38. Defendant violated §1692e by engaging in false, deceptive, and misleading conduct in its attempt to collect on the alleged subject debt. Specifically, Defendant wrongfully threaten to sue and collected on a debt not owed by Plaintiff.

39. Specifically, Defendant violated e(5) when it threaten to take legal action against Plaintiff regarding the second alleged debt if she did not agree to pay, despite her never owing the debt.

40. Since Plaintiff has no legal obligation to pay the second alleged debt, Defendant has no authority to sue her if she did not agree to pay.

41. Furthermore, Defendant's empty threats were made in order to scare Plaintiff into paying a debt not owed.

42. Moreover, Defendant violated §§1692e, e(2), and e(10) when it utilized deceptive and false representation in effort to coerce Plaintiff into making a payment that she was not legally responsible for.

43. Had Defendant reviewed the account properly before threatening to collect the second alleged debt, then Defendant would have noticed prior to Plaintiff's payments in September 2021 that the second alleged debt did not belong to Plaintiff, thus she had no obligation to pay it.

**b. Violations of FDCPA §1692f**

44. Defendant violated §1692f and f(1) by using unfair and unconscionable means in attempt to collect the second alleged debt.

45. As mentioned before, Defendant's representative confirmed that the second alleged debt did not belong to Plaintiff despite taking several months of payments from her.

46. It was extremely unfair of Defendant to threaten and collect a balance not owed from Plaintiff.

**WHEREFORE**, Plaintiff, MORGAN L. GODOY respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

49. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

50. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a. **Violations of RFDCPA § 1788.17**

51. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

52. As outlined above, through their conduct in attempting to collect upon the alleged subject debt, Defendant violated 1788.17; and 15 U.S.C. §1692e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

53. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b)

**WHEREFORE**, Plaintiff, MORGAN L. GODOY, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
    e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

| | |
|---|---|
| Date: June 6, 2022 | Respectfully submitted,<br><br>By: */s/ Nicholas M. Wajda*<br>Nicholas M. Wajda (State Bar No. 259178)<br>**WAJDA LAW GROUP, APC**<br>6167 Bristol Parkway, Suite 200<br>Culver City, California 90230<br>Telephone: (310) 997-0471<br>Facsimile: (866) 286-8433<br>Email: nick@wajdalawgroup.com<br>*Attorney for Plaintiff* |