1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 MORGAN L. GODOY , | Case No. 5:22−cv−00938−SSS−KK |
| 12       Plaintiff(s), | **ORDER SETTING SCHEDULING** |
| 13     v. | **CONFERENCE** |
| 14 MIDLAND CREDIT MANAGEMENT, INC. | Date:         December 16, 2022 |
| 15       Defendant(s). | Time:        1:00 p.m. |
| 16 | Courtroom:   2 |
| 17 | |

18

19     **PLEASE READ THIS ORDER CAREFULLY. IT CONTROLS THIS**

20     **CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

21        This case has been assigned to United States District Judge Sunshine S. Sykes.

22 This matter is set for a Scheduling Conference on the above date in Courtroom 2 of

23 the George E. Brown, Jr. Federal Building and United States Courthouse, 3470

24 Twelfth Street, Riverside, CA 92501. If Plaintiff has not already served the

25 operative complaint on **all** Defendants, Plaintiff shall do so **promptly** and shall file

26 proofs of service of the summons and complaint within three (3) days thereafter. *See*

27 Federal Rule of Civil Procedure 4; Local Rule 4. Defendants also shall timely serve

28 and file their responsive pleadings and comply with the requirements of Local Rule

5-3.2. At the Scheduling Conference, the Court will set a date by which motions to amend the pleadings or add parties must be heard.

The Scheduling Conference will be held pursuant to Federal Rule of Civil Procedure 16(b). The parties are reminded of their obligations under Federal Rule of Civil Procedure 26(f) to make initial disclosures without awaiting a discovery request and, under Federal Rule of Civil Procedure 26(f), to confer regarding a discovery plan at least twenty-one (21) days before the Scheduling Conference. The Court encourages counsel to agree to begin to conduct discovery **before** the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and obtain and produce most of what would be produced in the early stage of discovery as the Court will impose strict deadlines to complete discovery at the Scheduling Conference.

**This Court does not exempt parties appearing pro se from compliance with any of the Federal Rules of Civil Procedure and the Local Rules, including Local Rule 16.** *See* **Local Rules 1-3, 83-2.2.3. "Counsel," as used in this order, includes parties appearing pro se.**

## I.    Joint Rule 26(f) Report

The Joint Rule 26(f) Report must be filed at least fourteen (14) days before the Scheduling Conference. Mandatory paper chambers copies of the Joint Rule 26(f) Report must be delivered to Judge Sykes' drop box outside the door of Courtroom 2 by 5:00 PM on the first court day following the e-filing.

The Joint Rule 26(f) Report shall be drafted by Plaintiff (unless the parties agree otherwise) but shall be submitted and signed jointly. If the Plaintiff is appearing pro se, the Joint Rule 26(f) Report shall be drafted by Defendant's counsel (unless Plaintiff prefers to do so). "Jointly" means a single report regardless of the number of separately represented parties involved in the case. The Joint Rule 26(f) Report shall specify the date of the Scheduling Conference on the caption page and shall report on all matters described below as specified by Federal

Rule of Civil Procedure 26(f) and Local Rule 26:

a. <u>Statement of the Case</u>:  A short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

b. <u>Subject Matter Jurisdiction</u>:  A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction. If there is a federal question, cite the federal law under which the claim arises.

c. <u>Legal Issues</u>:  A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

d. <u>Parties and Evidence</u>:  A list of parties, percipient witnesses, and key documents or other evidence concerning the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

e. <u>Damages</u>:  The realistic range of provable damages.

f. <u>Insurance</u>:  Whether insurance coverage exists, the extent of coverage, and whether there has been or will be a reservation of rights.

g. <u>Motions</u>:  A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

h. <u>Dispositive Motions</u>:  A description of the issues or claims any party believes may be determined by motion to dismiss or motion for summary judgment. The parties should refer to the Court's Standing Order for specific guidelines governing summary judgment motions.

i. <u>Manual For Complex Litigation</u>:  Whether all or part of the procedures of the Manual For Complex Litigation should be utilized.

j. <u>Status of Discovery</u>:  A discussion of the present state of discovery, including a summary of pending and completed discovery, and any current or anticipated disputes.

k. <u>Discovery Plan</u>:  A detailed discovery plan, as contemplated by Federal Rule of Civil Procedure 26(f). State what, if any, changes in the disclosures under

Federal Rule of Civil Procedure 26(a) should be made, the subjects on which discovery may be needed, whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A general statement that discovery will be conducted as to all claims and defenses or another vague description is not acceptable.

l.   <u>Fact Discovery Cut-off</u>:  A proposed discovery cut-off date governing the completion of all fact discovery, including resolution of all discovery motions.

m.   <u>Expert Discovery</u>:  Proposed dates for initial and rebuttal expert witness disclosures and expert discovery cut-off under Federal Rule of Civil Procedure 26(a)(2).

n.   <u>Settlement Conference / Alternative Dispute Resolution ("ADR")</u>:  A statement of what settlement negotiations have occurred, **excluding any statement of the terms discussed.** If a Notice to Parties of Court-Directed ADR Program (Form ADR-08) was filed in this case, the Court will refer it to the Magistrate Judge, the Court Mediation Panel, or to private mediation at the parties' expense. The parties must state their preference in the Joint Rule 26(f) Report. The Court will exercise its discretion to select an ADR option for the parties if they fail to state a preference. No case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.

o.   <u>Trial Estimate</u>:  A realistic estimate, in days, of the Court time required for trial and whether trial will be by jury or by the Court. Each side should specify by number, not by name, the number of witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four (4) court days, counsel must address in detail in the Report the basis for the estimate.

p.   <u>Trial Counsel</u>:  The name(s) of the attorney(s) who will try the case.

q.   <u>Independent Expert or Master</u>:  Whether the Court should consider

1  appointing a master pursuant to Federal Rule of Civil Procedure 53 or an

2  independent scientific expert at the parties' expense. The appointment of a master

3  may be appropriate in cases where the parties anticipate substantial discovery

4  disputes, numerous claims to be construed in connection with a motion for

5  summary judgment, a lengthy *Daubert* hearing, or a resolution of a difficult

6  computation of damages.

7        r.    Schedule Worksheet:  The parties must make every effort to agree on all

8  pretrial and trial dates and must complete the attached Schedule of Pretrial and

9  Trial Dates Worksheet ("Worksheet") and include it with their Joint Rule 26(f)

10  Report. The entries in the "Time Computation" column reflect what the Court

11  believes is appropriate for most cases and will allow the Court to rule on potentially

12  dispositive motions sufficiently in advance of the Final Pretrial Conference.

13  However, the parties may propose other dates by which the key requirements must

14  be completed. Each date should be stated as month, day, and year, *e.g*., 1/15/2020.

15  Hearings shall be on Fridays at 2:00 p.m. The Final Pretrial Conference shall be

16  held on Friday at 1:00 p.m. All deadlines shall be on Fridays. The parties must

17  avoid federal holidays. The Court may order dates different from those the parties

18  propose. The discovery cut-off date is the last day by which all depositions must

19  be completed, responses to previously served written discovery must be provided,

20  and motions concerning discovery disputes must be heard. The cut-off date for

21  motions is the last date on which motions must be heard, not filed. If the parties

22  would like the Court to set dates in addition to those listed on the Worksheet, they

23  may so request by separate Stipulation and Proposed Order. Additional hearings

24  are often appropriate for class actions, patent cases, and cases for benefits under

25  the Employee Retirement Income Security Act of 1974 ("ERISA").

26        s.    Class Actions:  If the action is a putative class action, the parties must

27  provide a proposed briefing schedule for the motion for class certification

28  according to the deadlines described Court's Civil Standing Order. The Court

expects the parties to act diligently and begin discovery immediately because the motion for class certification must be filed no later than one-hundred-eighty (180) days from the date originally set for the Scheduling Conference unless the Court orders otherwise. In other words, a continuance of the date for the Scheduling Conference will not extend the time to file the motion for class certification.

t. <u>Other issues</u>: A statement of any other issues affecting the status or management of the case, including unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, reasonable ADA accommodations, discovery in foreign jurisdictions, the applicability of foreign law, the advanced age or health of parties or key witnesses, and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

**II. <u>Scheduling Conference</u>**

a. <u>Continuance</u>: A request to continue the Scheduling Conference will be granted only for good cause. The parties should refer to the Court's Standing Order for additional guidance regarding requests for continuances.

b. <u>Vacating the Scheduling Conference</u>: The Court may vacate the Scheduling Conference and issue the Scheduling Order based solely on the parties' Joint Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 16(b).

c. <u>Participation</u>: If the Court elects to conduct a Scheduling Conference, lead trial counsel must attend unless excused by the Court for good cause before the Conference.

d. <u>Failure to Submit a Joint Report</u>: The failure to submit a Joint Report in advance of the Scheduling Conference or to attend the Scheduling Conference may result in the dismissal of the action, striking the Answer and entering a default, and/or the imposition of sanctions.

**III.   Notice to be Provided by Counsel**

Plaintiff's counsel or, if Plaintiff is appearing pro se, Defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**IV.   Disclosures to Clients**

Counsel are ordered to deliver to their clients a copy of this Order and of the Court's Scheduling Order, which will contain the schedule the Court sets at the Scheduling Conference.

**V.   Court's Website**

This and all other generally applicable orders of this Court are available on the Central District of California website, https://www.cacd.uscourts.gov/. The Local Rules are also available on the Court's website at https://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court thanks the parties and their counsel for their anticipated cooperation.

IT IS SO ORDERED.

Dated:  August 30, 2022

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

Rev. 7/1/22                                              7

**DISTRICT JUDGE SUNSHINE S. SYKES**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the Court will set them.

| Case No. | | Case Name: | | |
|---|---|---|---|---|

| Trial and Final Pretrial Conference Dates | | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
|---|---|---|---|---|
| Check one: ☐ Jury Trial   or   ☐ Bench Trial [Monday at 9:00 a.m. within 12-15 months of Scheduling Conference based on complexity] Estimated Duration: _____ Days | | | | |
| Final Pretrial Conference ("FPTC" [L.R. 16], [Friday at 1:00 p.m. at least 17 days before trial] | | | | |

| Event [1] Note: All deadlines shall be on Fridays. Hearings shall be on Fridays at 2:00 p.m. | Time Computation[2] | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings or Add Parties | 6 weeks after Scheduling Conference | | |
| Fact Discovery Cut-Off (no later than deadline for filing dispositive motion) | 27 weeks before FPTC | | |
| Expert Disclosure (Initial) | 26 weeks before FPTC | | |
| Expert Disclosure (Rebuttal) | 24 weeks before FPTC | | |
| Expert Discovery Cut-Off | 22 weeks before FPTC | | |
| Last Date to Hear Motions • Rule 56 Motion due at least 49 days before hearing; Rule 56 Opposition due at least 35 days before hearing; Rule 56 Reply due at least 28 days before hearing. • Deadlines for all other motions are pursuant to L.R. 6-1, 7-9, 7-10. | 11 weeks before FPTC | | |
| Deadline to Complete Settlement Conference [L.R. 16-15] Select one: ☐ 1. Magistrate Judge (with Court approval) ☐ 2. Court Mediation Panel ☐ 3. Private Mediation | 8 weeks before FPTC | | |
| Deadline to File Motions in Limine | 6 weeks before FPTC | | |
| Deadline for Oppositions to Motions in Limine | 4 weeks before FPTC | | |
| Trial Filings (first round) • Memoranda of Contentions of Fact and Law [L.R. 16–4] • Witness Lists [L.R. 16–5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) • Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | | |
| Trial Filings (second round) • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint Agreed Upon Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | | |
| Hearing on Motions in Limine | 2 weeks before FPTC | | |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.
[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions, patent, and ERISA cases may need to vary from the above.